*In re* FORFEITURE OF ONE 1978 STERLING MOBILE HOME AND
MISCELLANEOUS MONEY AND PROPERTY

Docket No. 143005. Submitted January 19, 1994, at Lansing. Decided
June 6, 1994, at 9:00 A.M.

The Ingham County Prosecuting Attorney *ex rel* the Tri-County
Metro Narcotics Squad Governmental Board brought an action
in the Ingham Circuit Court, seeking the forfeiture of one 1978
Sterling mobile home and miscellaneous money and property
belonging to Wilma E. Phelps after two searches of the mobile
home following an undercover agent's purchase of marijuana
disclosed the presence of marijuana and drug paraphernalia
indicative of drug dealing. The court, James R. Giddings, J.,
denied in part the prosecutor's motion for summary disposition
and declined to order the forfeiture of the mobile home. The
prosecutor appealed.

The Court of Appeals *held:*

The trial court erred in determining that the evidence did
not establish a substantial connection between the mobile home
and the sale of marijuana. Although the amount of marijuana
involved was insubstantial, the evidence, including Phelps'
admission that she regularly sold marijuana from her mobile
home, indicated that the mobile home played a substantial role
in the illegal sale of marijuana.

Reversed.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT — REAL
PROPERTY.

Real property allegedly used to facilitate a violation of the
controlled substances act may be forfeited only if the party
seeking forfeiture establishes a substantial connection between
the realty and the underlying illegal transactions; the appropri-
ate test is whether there is a substantial connection, not
whether a substantial amount of a controlled substance is
involved (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 1, 25.
Real property as subject of forfeiture under Uniform Controlled
Substances Act or similar statutes. 86 ALR4th 995.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Barbara A. Vander Voord,* Assistant Prosecuting Attorney, for the plaintiff.

*Barry L. Furgason,* for Wilma E. Phelps.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and D. G. TYNER,* JJ.

MICHAEL J. KELLY, J. The prosecuting attorney appeals as of right from the circuit court orders that denied his motions for summary disposition and for forfeiture of claimant's 1978 Sterling mobile home. We reverse.

On January 18, 1990, Detective Thomas Foote, working undercover, approached Kammie Morrison and asked if he could purchase a quarter ounce of marijuana from her. Morrison made a telephone call, asked for "Wilma," and engaged in a brief conversation. She told Foote that the marijuana would cost $40, and Foote gave her two marked $20 bills. Morrison, under surveillance by other police officers, then walked to and entered the mobile home in question. Shortly thereafter, Morrison left the mobile home with a plastic sandwich bag containing a quarter ounce of marijuana, which she delivered to Foote.

A search warrant for the mobile home was obtained and executed at about 1:30 A.M. the next day. The police seized, among other items, three plastic sandwich bags containing 8 grams, 7.9 grams, and 6.4 grams of marijuana respectively (7 grams equals approximately one-quarter ounce), two sets of scales, a cigarette rolling machine, two packages of cigarette rolling papers, a razor blade, several pipes, a box of plastic sandwich bags, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

several additional empty bags found throughout the mobile home. Also seized were the marked $20 bills from Foote.

Claimant Wilma Phelps, the owner and occupant of the mobile home, was interviewed during the execution of the search warrant. She was read her *Miranda*[1] rights, although she was not yet under arrest. Claimant told the police that she had been selling marijuana from her mobile home for several years and that she had used the profits to pay for bills and items for her home. She had obtained the marijuana from several sources, including a supplier from Florida and another from North Lansing. Thereafter, law enforcement efforts took an unexplained vacation.

Investigation into claimant's activities resumed in May 1990, when officers seized garbage from claimant's home on two occasions and found marijuana seeds, stems, and "roaches." Pursuant to another search warrant, the police seized four plastic sandwich bags from claimant's mobile home, each containing about a quarter ounce of marijuana. Several pipes, a bag containing 1.32 grams of marijuana, and at least one empty bag were also confiscated.

On May 14, 1990, the prosecuting attorney filed a complaint for forfeiture of the mobile home under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). The trial court denied the prosecutor's motion for summary judgment and ultimately allowed claimant to retain ownership of the mobile home. The trial court found that there was no substantial connection between the mobile home and the illegal sale of drugs. We now review the trial court's decision for clear error. *In re Forfeiture of $5,264,* 432 Mich 242, 260; 439 NW2d 246 (1989).

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) makes "[a]ny thing of value . . . that is used or intended to be used to facilitate any violation of this article" subject to forfeiture. Our Supreme Court has interpreted this provision in real property cases as requiring a "substantial connection" between the realty and the underlying illegal transaction. *In re Forfeiture of $5,264* at 262.

The trial court focused on the small amount of marijuana seized during both searches of the mobile home and did not believe that such an amount indicated the existence of a drug-trafficking operation in the mobile home. We believe the trial court's conclusion constitutes clear error because it ignores a number of other factors that clearly establish a substantial connection between the mobile home and the illegal sale of marijuana.

The trial court correctly characterized the amount of marijuana in this case as insubstantial. However, the applicable test is "substantial connection," not "substantial amount." Although a drug sale of insignificant amount may be indicative of a weak connection, sufficient evidence exists in this case apart from the amount of marijuana to show that the mobile home played a substantial role in drug dealing. The buyer for the undercover police officer took the officer's order and money, talked with "Wilma," entered the mobile home where Wilma lived, and returned with the officer's quantum of marijuana, all within a short time while she was under surveillance. The next morning, a search of the mobile home uncovered the marked $20 bills used in the buy. Also found were various drug paraphernalia, such as two sets of scales and plastic sandwich bags. These were indicative of drug dealing, not use alone. More drug paraphernalia were seized months later. Though the total amount of marijuana was small, it was

packaged in plastic sandwich bags, each weighing about a quarter ounce—exactly what Detective Foote received when he placed his order. Marijuana stems and seeds were found in claimant's garbage. Finally, claimant admitted that she regularly sold marijuana from her mobile home.

In light of this evidence, we are left with a definite and firm conviction that the trial court erred in finding no substantial connection.

Reversed.

DOCTOROFF, C.J., concurred in the result only.